UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF
AMERICA,

    -against-

ERIC GASKIN,

               Defendant.
---------------------------------X

MISC. 10 195

MEMORANDUM & ORDER
99-CR-0158 (TCP)

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ MAR 25 2010 ★

LONG ISLAND OFFICE

PLATT, J.

PLATT, District Judge.

Eric Gaskin wrote a letter to this Court on March 9, 2010, seeking the expungement of his criminal record. For the reasons discussed below, this request is **DENIED**.

On July 21, 2000, Defendant Gaskin pleaded guilty to one count of conspiracy to distribute, and possession with intent to distribute, crack in violation of 21 U.S.C. § 841(a)(1), § 846, and 18 U.S.C.§§ 3551 et seq.. He was sentenced to 37-months imprisonment, with credit for time served, and 5-years supervised release. That time has been served.

No federal statute provides for the expungement of a criminal record. Instead, expungement lies within the equitable discretion of the Court, and relief is granted only in "extreme circumstances." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (citing United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). Whether requisite "extreme circumstances" exist is determined through a "delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties." Schnitzer, 567 F.2d at 539 (quoting Rosen, 343 F. Supp. at 806). Generally, courts have found "extreme circumstances" to exist where "an arrest was unconstitutional, an arrest was made for purposes of harassment . . ., a determination of probable cause is impossible because arrests were made en masse, or the records have been misused by the government."

1

United States v. McFadzean, No. 93-CR-0025, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999); see also United States v. Ravitsky, No. 02-CR-1268, 2006 WL 1455467, at *2 (E.D.N.Y. May 23, 2006). ("Courts have found extreme circumstances warranting sealing only in rare cases 'where some impropriety attends the government's actions.' " (quoting In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992)). Extreme circumstances are required because retaining arrest records serves the important public function of "promoting effective law enforcement." Schnitzer, 567 F.2d at 539 ("Retaining and preserving arrest records serves the important function of promoting effective law enforcement. Such records help to meet the 'compelling public need for an effective and workable criminal identification procedure.' " (quoting United States v. Seasholtz, 376 F. Supp. 1288, 1290 (N.D. Okla. 1974))).

Arrest records—even when a defendant is ultimately acquitted—are difficult enough to expunge. See Schnitzer, 567 F.2d at 539-40 ("In considering these equities, courts must be cognizant that the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.' " (quoting United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975), cert. denied, 423 U.S. 836, 96 S. Ct. 63, 46 L. Ed. 2d 55 (1975))). Defendant Gaskin was not only arrested, but pleaded guilty, and was imprisoned.

While Defendant Gaskin's record has caused him difficulty in finding employment—and even though he currently has the opportunity to become employed pending his record's expungement—adverse employment decisions are a result of arrest and conviction, and do not constitute grounds for expungement. See Fernandez v. United States, Nos. 09-MC-326, 98-CR-902, 2009 WL 2227140, at *2 (E.D.N.Y. July 24, 2009) ("Adverse employment decisions are, of course, one of the consequences of an arrest record. Where a record is accurate, regardless of the

disposition of the case, courts have nearly uniformly rejected adverse employment effects as grounds for expungement." (citations omitted)); United States v. Aigle, 199 F. Supp. 2d 5, 7 (E.D.N.Y. 2002) ("[T]he defendant's contention that she will be unable to maintain her current employment or obtain future employment . . . is not a proper ground for expungement.").

In this case, Defendant Gaskin fails to present the Court with any of the recognized circumstances supporting expungement. His claim that his conviction prevents him from obtaining employment does not satisfy the requirement of "extreme circumstances." He has not alleged that the Government misused his records or that his arrest was unconstitutional or was made for an improper purpose. Moreover, there are no allegations that Defendant Gaskin was not guilty of the offense for which he was convicted. He also failed to argue that his criminal record is inaccurate in any respect. In any event, Defendant's interest in obtaining employment does not outweigh the Government's substantial interest in preserving criminal records to promote effective law enforcement.

Therefore, Defendant Gaskin's expungment request is **DENIED**.

SO ORDERED.

_____
Thomas C. Platt, U.S.D.J.

Dated:    Central Islip, New York
          March 2, 2010